IN THE UNITED STATES DISTRICT COURT FOR EASTERN DISTRICT OF TENNESSEE, KNOXVILLE DIVISION

ERNEST J. NICELY, and wife, )
PATRICIA NICELY, )
        Plaintiffs, )
vs. ) Docket No. _____
    ) JURY TRIAL DEMANDED
FIRST CENTURY BANK, CONNIE DYER, )
SHERI LAWSON, and DELORIS GRAVES, )
        Defendants. )

## Complaint

Comes now Plaintiffs, Ernest J. Nicely, and wife, Patricia Nicely, for themselves and on behalf of all others similarly situated, and file their Complaint in this action as follows:

1. Plaintiffs, Ernest J. Nicely, and wife, Patricia Nicely, are residents of Knox County, Tennessee.

2. Defendant, Connie Dyer is a resident of Union County, Tennessee and may be served with process at 367 Circle Drive, Maynardville, Tennessee 37807.

3. Defendant, Sheri Lawson, is a resident of Union County, Tennessee and may be served with process at 122 Lett Cemetery Road, Maynardville, Tennessee 37807.

4. Defendant, Deloris Graves, is a resident of Union County, Tennessee and may be served with process at 5311 Maynardville Highway, Maynardville, Tennessee 37807.

5. Defendant, First Century Bank is a corporation organized under the laws of the State of Tennessee with its principal place of business in Tazewell, Tennessee and with a branch office in Union County, Tennessee. First Century Bank may be served with process by

service upon its registered agent, Lee Dan Stone, III, 1749 Main Street, Tazewell, Tennessee 37879. First Century Bank Was formerly known as "First Claiborne Bank".

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that all the defendants reside in this district and that a substantial part of the events giving rise to the claim occurred in this district.

7. This court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 because Plaintiffs allege causes of action arising under the laws of the United States, specifically, 18 U.S.C. § 1961, et seq., 15 U.S.C. § 1671s-2 et seq., and 15 U.S.C. § 6801 et seq.

8. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction of Plaintiff's claim arising under State law because the state law claims are so related to claims in this action within the court's original jurisdiction that they form part of the same case or controversy.

## FACTUAL ALLEGATIONS

9. Both of the Plaintiffs were customers of first Century Bank (formerly known as "First Claiborne Bank" through its branch office in Union County, Tennessee.

10. Connie Dyer was the Assistant Vice-President and chief Loan Officer of the Union County branch of First Century Bank.

11. Sheri Lawson was an employee of the Union County branch of First Century Bank.

12. Deloris Graves was an employee of the Union County branch of First Century Bank.

13. Plaintiff, Ernest J. Nicely, received by mail or telephone notice of the existence of loans or notice of late payment on loans through First Century Bank for loans which he never applied or received funds; received notice of unauthorized transfers of funds from their checking accounts, savings accounts, or other assets, including certificates of deposit; or

received notice of other financial transactions in which they did not participate and which they did not authorize in any way.

14. At lease on one occasion, Connie Dyer Ernest J. Nicely that the unauthorized loans and transactions were the result of a "computer error" or "mistake, and that incorrect transactions would be corrected.

15. Plaintiffs continued to receive late payment notices on loans for which they never applied and which they never received and/or continued to receive notices of financial transaction in which they never participated or authorized.

16. Upon information and belief, during the period from December 19, 2001, through August 2004, Connie Dyer, Sheri Lawson, Deloris Graves, and other representatives of First Century Bank whose names are unknown at this time, forged the signatures of bank customers including Plaintiffs; notarized forged signatures of bank customers, including Plaintiffs, and otherwise without permission used the identities and confidential financial information of Plaintiffs of the Union County branch of First Century Bank to fraudulently obtain loans, obtain credit, obtain funds, transfer funds, transfer property interests, and convert assets of Plaintiffs, including, but not limited to the following:

    a. Misappropriated a CD in the sum of $103,300.00; and

    b. Had Plaintiffs' automobile repossessed even though Plaintiffs believed they had fully paid the loan against same, causing severe hardship.

17. Upon information and belief, the methods by which Defendants and/or other bank representatives fraudulently and illegally used the identities and confidential information of the Plaintiffs include, but are not limited to, the following examples:

a. Connie Dyer and/or other representatives of First Century Bank forged the signature of Ernest J. Nicely on loan documents in order to create loans in the name of Ernest J. Nicely without his knowledge.

b. Connie Dyer and/or other representatives of First Century Bank fraudulently used the assets and identity of Ernest J. Nicely and Patricia Nicely to obtain cashier's checks.

c. Connie Dyer and/or other representatives of First Century Bank fraudulently failed to credit payments made by Ernest J. Nicely and Patricia Nicely on valid loans, failed to mark the loans paid in full, and failed to return promissory notes to Ernest J. Nicely and Patricia Nicely after the loans had been paid in full.

d. Connie Dyer, upon information and belief, and/or other representatives of First Century Bank forged Ernest J. Nicely and Patricia Nicely's names in order to endorse checks made payable to Patricia Nicely.

e. Connie Dyer and/or other representatives of First Century Bank fraudulently removed funds from the checking account of Ernest J. Nicely and Patricia Nicely without the authorization or knowledge or Mr. and Mrs. Nicely.

18. Upon information and belief, First Century Bank knew or should have known of the fraudulent activities of Connie Dyer and the other bank representatives and employees, but did not take action to stop the fraudulent activities and did not take action to protect the bank customers.

19. First Century Bank made negative information reports to consumer credit agencies about Plaintiffs and other bank customers, based upon the fraudulent transactions described above, without verifying the accuracy of the information report.

20. Upon information and belief, in 2004, First Century Bank investigated the above-described activities of Connie Dyer and other employees, but took no action to protect the Plaintiffs, concealed the fraudulent activity from the Plaintiffs, failed to return all of the funds and other assets transferred and/or taken from the Plaintiffs, failed to correct false reports to creditors and credit agencies resulting from the fraudulent activities of bank employees, refused to cancel and/or correct loans from First Century Bank that were determined to be false and/or fraudulent.

21. The Plaintiffs have been damaged by the actions and failures to act of the Defendants in that the Plaintiffs' credit has been damaged, their ability to obtain loans has been decreased. Plaintiffs have been wrongfully charged finance charges and bad check fees. Plaintiffs' assets have been converted, Plaintiffs' personal property has been wrongfully repossessed. Plaintiffs' reputations have been damaged, Plaintiffs have expended time away from work and family and have expended their energy to try to correct this problem, and Plaintiffs have suffered both physical and emotional injury as a result of Defendants' actions or failures to act.

22. The Defendants' conduct has severely aggravated the dire health condition of Ernest J. Nicely causing severe emotional and physical injury to a man who was suffering from terminal health conditions before learning of the Defendants' wrongful conduct.

**TOLLING OF THE STATUTES OF LIMITATIONS**

23. Plaintiffs incorporate by reference the allegations of Paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24. Defendants concealed from Plaintiffs their causes of action by the bank representatives' repeated explanations of a "computer error", or "mistake", or denials when Plaintiffs inquired about seemingly incorrect loan information that they received.

25. When the Plaintiffs met with representatives of First Century Bank to discuss problems with loan documents, the bank representatives physically concealed the documents from Plaintiffs by partially covering documents with their hands or paper, so that the Plaintiffs could only see their forged signatures, but could not determine the nature of the documents.

26. Upon information and belief, First Century Bank knew that its employees had recorded fraudulent, forged real estate documents, but hid those documents from Plaintiffs.

27. Any applicable statutes of limitation have been tolled by Defendants' fraudulent concealment of the causes of action from Plaintiffs.

## COUNT I

### VIOLATION OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT, 18 U.S.C.§ 1961, *et seq.* (CIVIL RICO)

28. Plaintiffs incorporate by reference paragraph 1 through 27 of the Complaint as if fully set forth herein.

29. Defendants, Connie Dyer, Sheri Lawson and Deloris Graves are "persons" as defined by 18 U.S.C. § 1961(c).

30. Defendant, First Century Bank, is an "enterprise" as defined by 18 U.S.C. § 1961(4).

31. Defendants, Connie Dyer, Sheri Lawson, Deloris Graves and other First Century Bank employees (whose names currently are unknown) who participated in the activities

described in this Complaint are a group of individuals associated in fact, and therefore, are an "enterprise" within the meaning of 18 U.S.C. § 1961(4).

32. Defendants violated 18 U.S.C. § 1962(a) by receiving income derived from a pattern of racketeering activity which includes:

   a. Acts indictable under 18 U.S.C. § 1028: knowingly and without lawful authority producing an identification document, authentication feature, or a false identification document and knowingly transferring, possessing and using, without lawful authority, a means of identification of another person with the intent to commit or in connection with unlawful activity in violation of federal, state or local law;

   b. Acts indictable under 18 U.S.C. § 1028A (Aggravated Identity Theft): knowingly transferring, possessing, or using, without lawful authority, the means of identification of another person in relation to a felony;

   c. Acts indictable under 18 U.S.C. § 1341: use of the United States mail in connection with scheme to defraud or obtaining money by false pretenses;

   d. Acts indictable under 18 U.S.C. § 1343: use of wire communication (telephone and electronic data transmission) for the purpose of executing a scheme to defraud or obtaining money by false pretenses;

   e. Acts indictable under 18 U.S.C. § 1344: knowingly executing or attempting to execute a scheme to obtain moneys, funds, credits, assets, securities, or other property under the custody or control of a financial institution, by means of false or fraudulent pretenses, representations, or promises;

f.   Acts indictable under 18 U.S.C. § 1957: engaging in financial transactions with the intent to conceal or disguise the nature and location, source or control of the proceeds of illegal activity (laundering of monetary instruments); and

g.   Each of these acts occurred within ten years after the commission of a prior act of racketeering activity.

33. Defendants violated 18 U.S.C. § 1962(b) in that by or through the above-described pattern of racketeering activity, they acquired or maintained, directly or indirectly, interest in and/or control of an enterprise engaged in, or the activities of which affect, interstate or foreign commerce, namely, First Century Bank, as well as the enterprise consisting of Connie Dyer, Sheri Lawson, Deloris Graves and other First Century Bank employees whose names currently are unknown.

34. Defendants violated 18 U.S.C. § 1962(c) by being persons employed by or associated with an enterprise engaged in, or the activities of which affect, interstate or foreign commerce, and conducting or participating, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity, as described above.

35. Plaintiffs have been injured in their persons or businesses by reason of Defendants' violations of 18 U.S.C. § 1962.

36. Pursuant to 18 U.S.C. § 1964, Plaintiffs are entitled to recover injunctive relief authorized by 18 U.S.C. § 1964(a), plus threefold the damages that they have sustained, litigation costs, and reasonable attorney's fees.

## COUNT II

### VIOLATION OF THE FEDERAL CONSUMER CREDIT PROTECTION ACT, 15 U.S.C. § 1681s-2

37. Plaintiffs incorporate by reference paragraph 1 through 36 of the Complaint as if fully set forth herein.

38. Defendant, First Century Bank, received information from Plaintiffs and from other sources from which it knew or had reasonable cause to believe that negative information that it provided about Plaintiffs to consumer reporting agencies was inaccurate.

39. Upon information and belief, Defendant, First Century Bank, continued to furnish incorrect information about the Plaintiffs to consumer reporting agencies without first determining whether the information was correct.

40. Defendant, First Century Bank, failed to properly notify consumer reporting agencies of the incorrect information it provided to the agencies and to provide all information necessary to make the agencies' information about the Plaintiffs complete and accurate.

41. Defendant, First Century Bank, violated its responsibilities and duties to Plaintiffs arising from the requirements of 15 U.S.C. § 1681s-2.

42. Defendant, First Century Bank's violations of those duties has damaged Plaintiffs in that Plaintiffs' credit has been damaged, Plaintiffs have been hindered in efforts to obtain loans, Plaintiffs have spent time and energy trying to correct the false credit reports, and Plaintiffs have suffered physical and emotional injury as a result of Defendant, First Century Bank's breach of its duties.

## COUNT III

### VIOLATION OF FEDERAL STATUTES AND REGULATIONS FOR PROTECTION OF CONFIDENTIALITY OF CONSUMER INFORMATION

43. Plaintiffs incorporate by reference paragraph 1 through 42 of the Complaint as if fully set forth herein.

44. Pursuant to 15 U.S.C. § 6801, Defendant, First Century Bank, had "an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information".

45. Pursuant to 15 C.F.R. § Part 353.3, Defendant, First Century Bank, had a duty to detect and report suspicious activity, including insider abuse and criminal activity using the bank.

46. Pursuant to 15 C.F.R. § Part 364 Appendix B, First Century Bank was required to develop, implement and follow and Information Security Program to ensure the security and confidentiality of customer information, protect against hazards to the confidentiality of such information, and protect against unauthorized access to or use of such information.

47. First Century Bank failed to comply with 15 U.S.C. § 6801 and the regulations promulgated thereunder, 12 C.F.R. § Part 353 and 12 C.F.R. § Part 364, by failing to implement and follow security procedures, failing to protect the confidentiality of customer information, failing to guard against misuse of that information, and failing to detect, report, and stop suspicious activities of its employees.

48. Defendant, First Century Bank's failures to comply with 15 U.S.C. § 6801 et seq. and the regulations thereunder have damaged the Plaintiffs.

## COUNT IV

## VIOLATION OF THE TENNESSEE IDENTITY
THEFT DETERRENCE ACT OF 1999, T.C.A. § 47-18-2101, *et seq*

Upon information and belief:

49. Plaintiffs incorporate herein by reference the allegations of Paragraphs 1 through 48 of the Complaint as if fully set forth herein.

50. Defendants obtained, possessed, transferred, used, or attempted to obtain, to possess, to transfer, to use, for unlawful economic benefit, one or more identification documents or personal identification numbers or financial documents of Plaintiffs.

51. Defendants' actions described above violate the Tennessee Identity Theft Deterrence Act of 1999.

52. Plaintiffs have suffered ascertainable losses as the result of Defendants' violation of the Tennessee Identity Theft Deterrence Act of 1999.

53. Defendants engaged in the identity theft willfully and/or knowingly.

54. Plaintiffs are entitled to recovery of their actual damages and an award of three times the actual damages, plus their reasonable attorney's fees and costs, pursuant to T.C.A. § 47-18-2104.

## COUNT V

## VIOLATION OF THE TENNESSEE CONSUMER PROTECTION ACT

55. Plaintiffs incorporate by reference paragraph 1 through 54 of the Complaint as if fully set forth herein.

56. The actions of Defendants described above constitute unfair or deceptive acts or practices in violation of the Tennessee Consumer Protection Act, T.C.A. § 47-18-101, et seq.

57. Plaintiffs have suffered an ascertainable loss as a result of the use or employment of unfair or deceptive acts or practices by Defendants.

58. The Defendants' violations of the Tennessee Consumer Protection Act were a willful or knowing violation.

59. The Plaintiffs are entitled to recover an award of three times their actual damages sustained, as well as their attorney's fees and costs.

60. The Plaintiffs are entitled to have the Court order First Century Bank to reveal all of the false documents and fraudulent transactions made using the identities of Plaintiffs so that Plaintiffs can address the impact such false documents and fraudulent transactions may have on their dealings with third parties.

61. Plaintiffs are entitled to an Order from the court requiring First Century Bank to send notices to credit agencies and creditors of the Plaintiffs to explain the false reports of financial information concerning the Plaintiff and that the Plaintiff is a victim of identity theft.

## COUNT V

## VIOLATION OF THE TENNESSEE FINANCIAL RECORDS PRIVACY ACT, T.C.A. § 45-10-104, et seq.

62. Plaintiffs incorporate by reference paragraph 1 through 61 of the Complaint as if fully set forth herein.

63. The Defendants disclosed and used the financial records relating to the Plaintiffs in a manner not permitted by T.C.A. § 45-10-103, thereby violating the Tennessee Financial Records Privacy Act.

64. Plaintiffs have been damaged by Defendants' violation of the Tennessee Financial Records Privacy Act, and are entitled to recover from Defendants all damages resulting from Defendants' violation of the Tennessee Financial Records Privacy Act.

## COUNT VI

### BREACH OF FIDUCIARY DUTY

65. Plaintiffs incorporate by reference paragraph 1 through 64 of the Complaint as if fully set forth herein.

66. Defendants owed the Plaintiffs a fiduciary duty with respect to the Plaintiffs' confidential information, financial information, assets, and financial transactions.

67. Defendants breached their fiduciary duties to Plaintiffs through the actions described in the preceding paragraphs.

68. In addition, Defendant, First Century Bank, breached its fiduciary duties to Plaintiffs by failing to audit its records and monitor and control the activities of its employees and access to Plaintiffs' financial information so as to prevent the fraudulent transactions, forgeries, and other actions of its employees that have damaged Plaintiffs.

69. The Defendants' breaches of their fiduciary duties were made wantonly, willfully, intentionally, knowingly, or with reckless disregard for the rights of Plaintiffs.

70. Plaintiffs are entitled to recover their damages suffered as a result of Defendants' breaches of their fiduciary duties, as well as punitive damages for the wanton, willful, knowing, intentional, and reckless actions of Defendants.

## COUNT VII

## CONVERSION

71. Plaintiffs incorporate by reference paragraph 1 through 70 of the Complaint as if fully set forth herein.

72. Defendants have converted the funds and property interests belonging to Plaintiffs, and in doing so, have acted intentionally, willfully, wantonly, and/or with reckless disregard for the rights of Plaintiffs.

73. Plaintiffs are entitled to a judgment against Defendants for the funds converted, as well as for punitive damages for Defendants' intentional, willful, wanton, and/or reckless conversion of those funds.

## COUNT VIII

## NEGLIGENCE

74. Plaintiffs incorporate by reference paragraph 1 through 73 of the Complaint as if fully set forth herein.

75. Defendant, First Century Bank, was negligent and failed to exercise the appropriate standard of care in its hiring of Defendants, Connie Dyer, Sheri Lawson, Deloris Graves, and other bank employees and representatives who engaged in the fraudulent activities described above.

76. Defendant, First Century Bank, was negligent in its supervision of Connie Dyer, Sheri Lawson, Deloris Graves and other bank employees and representatives who engaged in the fraudulent activities described above.

77. Defendant, First Century Bank, was negligent in its retention of Connie Dyer, Sheri Lawson, Deloris Graves and other bank employees who engaged in the fraudulent

activities described above after receiving notice of those activities or information that should have put First Century Bank on notice to investigate the problem.

78. The negligence of First Century Bank has proximately caused damages to the Plaintiffs.

79. Plaintiffs are entitled to recover the damages they have suffered as the result of the negligence of First Century Bank.

## COUNT IX

## FOR EQUITABLE RELIEF

80. Plaintiffs incorporate by reference paragraph 1 through 79 of the Complaint as if fully set forth herein.

81. Plaintiffs need to know the full scope and extent of each forgery and fraudulent transaction made using their respective identities in order to fully address the problem of correcting their credit histories and title to their real and personal property.

82. First Century Bank showed some of the Plaintiffs' forged signatures on documents, but covered the other portions of the documents so that Plaintiffs could not determine anything about the documents or transactions for which their signatures were forged.

83. Plaintiffs will be irreparably harmed if they do not receive full disclosure and complete information concerning the forgeries and fraudulent transactions made using their identities, as well as the full scope of the transfer and conversion of their funds and properties.

84. In this lawsuit, Plaintiffs seek an Order from the Court requiring First Century Bank to notify the Plaintiffs during the period from 2001 to the present of the discovery of forgeries and identity theft by bank employees, and to make all records concerning each customer available for inspection by that customer so that the customer can determine

for himself or herself whether any forgeries or fraudulent transactions using that customer's identity or information have occurred.

WHEREFORE, Plaintiffs pray for the following relief:

1. That process issue and be served on all Defendants;

2. That Judgment be entered in favor of Plaintiffs and against Defendants for the amount of damages to each Plaintiff caused by the Defendants' violation of their statutory and common law duties to Plaintiffs;

3. That a Judgment be entered in favor of Plaintiffs and against Defendants for three times their actual damages incurred from Defendants' violation of the Federal RICO Act, the Tennessee Identity Theft Deterrence Act and the Tennessee Consumer Protection Act;

4. That Judgment be entered against the Defendants in favor of the Plaintiffs for punitive damages for the intentional, willful, wanton, and reckless actions or failures to act of Defendants;

5. That the Court grant the following equitable relief:

    a. An Order from the Court requiring First Century Bank to make all records concerning the Plaintiffs available for inspection by that customer so that the Plaintiffs can determine whether any forgeries or fraudulent transactions using that Plaintiffs' identity or information have occurred;

    b. An Order from the Court requiring First Century Bank to obtain and provide, free of charge, to the Plaintiffs from 2001 to the present, a current credit report for that Plaintiffs from a reputable credit reporting agency so that the Plaintiffs

can determine whether any false credit reports have been made due to fraudulent transactions using that customer's identity;

  c. An Order from the Court requiring First Century Bank to send a letter to the principal credit reporting agencies for each of the Plaintiffs for whom it is determined that the Plaintiffs' identity and/or financial information was used by employees or representatives of First Century Bank without permission, generally notifying the agencies that the customer was a victim of identity theft and fraud which may have resulted in an incorrect negative report in the Plaintiffs' credit history, and specifically notifying the agencies of particular notations or reports that are determined to be false;

6. That Plaintiffs recover from Defendants their reasonable attorney's fees and expenses of litigation;

7. That a jury of twelve (12) persons be empaneled to try this action;

8. That all costs of this action be assessed against the Defendants; and

9. For such other and further relief as the Court deems appropriate.

                _____
                BILL W. PETTY, BPR # 00732
                Attorney for Ernest J. and Patricia Nicely
                O'CONNOR, PETTY, CHILD, PIPER & HUDSON
                6th Floor, 603 Main Street
                P.O. Box 219
                Knoxville, Tennessee 37901-0219
                (865) 525-7115

## VERIFICATION OF COMPLAINT

I, Ernest J. Nicely, hereby verify that I have read the within and foregoing Complaint, and that all factual statements contained therein are true and correct to the best of my knowledge, information and belief.

_____
ERNEST J. NICELY

Sworn to and subscribed before me, this 28th day of March, 20 05.

_____
NOTARY PUBLIC
My Commission Expires: 10/01/05

## VERIFICATION OF COMPLAINT

I, Patricia Nicely, hereby verify that I have read the within and foregoing Complaint, and that all factual statements contained therein are true and correct to the best of my knowledge, information and belief.

_____
PATRICIA NICELY

Sworn to and subscribed before me, this 28th day of March, 20 05

_____
NOTARY PUBLIC
My Commission Expires: 10/01/05